IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE SHANE STEVENSON and ROYAL REBEL TRUST, | § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:21-3231 |
| | § | |
| HOUSTON 2 PAROLE OFFICE., *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Maurice Shane Stevenson and Royal Rebel Trust filed this civil action alleging that Defendants violated their rights under a federal statute that governs debt-collection practices. Defendants have moved to dismiss all claims (Dkt. 14; Dkt. 15). Plaintiffs have not responded to the motions but, before Defendants' motions were filed, submitted a document indicating that they oppose dismissal. *See* Dkt. 13. The motions are ripe for decision. Having considered the pleadings, the parties' briefing, the applicable authorities, and all matters of record, the Court will **GRANT** the motions to dismiss for the reasons explained below.

### I.   BACKGROUND

Plaintiffs in this suit are Maurice Shane Stevenson and Royal Rebel Trust. Stevenson formerly was incarcerated in the Texas Department of Criminal Justice–

Correctional Institutions Division (TDCJ) and has been released on parole.[1] He describes himself as "the living Man occupant of the office of the grantor, a living Man created in the image of Yahweh, heir/beneficiary in care of Maurice Shane Stevenson Estate" and as the consumer, grantor, and beneficiary for Royal Rebel Trust (Dkt. 1, at 1). He identifies Royal Rebel Trust as a "Foreign Private Trust Entity outside of the U.S.A. jurisdiction" (*id.* at 2).

Stevenson sues three defendants: the Houston II District Parole Office; Osmin Scott, a parole supervisor; and Emmanuel Benedet, a parole officer. He claims that the defendants are harassing and threatening him in connection with an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). As relief for his claims, he seeks $500,000 in damages and "1 per centum of the net worth of the debt collector" (Dkt. 1, at 3; *see id.* at 6).

With his pleadings, Stevenson submits multiple notices he received from the Houston II District Parole Office that instruct him to report to the office in person on various dates in June 2021 (*id.* at 21-24). He also attaches "cease and desist" letters he sent to the office in May and June 2021 stating that he is a "natural born State Citizen of Texas," that he is not a United States citizen, and that the parole office does not "have any

---

[1]   Documents attached to Stevenson's complaint reflect his status as a parolee (Dkt. 1, at 21-24). Additionally, online criminal records from Bexar County, which are publicly available, reflect that Stevenson was sentenced to imprisonment in TDCJ in 2015 and was released to parole in 2019.   *See* Bexar County Court Records, available at https://search.bexar.org/Case/CaseSummary?r=ab317326-2104-481b-919c-8cf70ee97964&st=l&l=stevenson&fn=maurice&= (last visited Feb. 18, 2022).

jurisdiction over" him (*id*. at 11; *see id*. at 7-12). He alleges that Defendants "blatantly disregarded the notices" and continued to harass" him by calling his mobile phone, coming unannounced to his home, and leaving "threatening and misleading letters" on his door in June 2021 (*id*. at 3-4). The pleading attaches a sovereignty certificate bearing Stevenson's name, a signed notice of estoppel, a signed "notice of rescission of signatures," a signed "certificate of expressed trust formal notice," and other documents.

Defendants move to dismiss all claims. The Houston II District Parole Office states that is a local office of TDCJ and is not a jural entity with the capacity to be sued. Scott and Benedet also state that they were not engaged in a debt-collection scheme, but rather were attempting to gain Stevenson's compliance with parole requirements, and that the FDCPA does not apply to the facts as pleaded by Stevenson.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of

the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered

by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). A court also may rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing FED. R. EVID. 201(b)).

## III. ANALYSIS

Stevenson claims that Defendants violated his rights under the FDCPA. He specifically cites 15 U.S.C. § 1692d, which prohibits harassment or abuse by a debt collector, and 15 U.S.C. § 1692e, which prohibits false or misleading representations by a debt collector.

### A. Houston II District Parole Office

Defendant Houston II District Parole Office seeks dismissal of all claims against it, arguing that it is not a jural entity that may be sued and thus not a proper party to this suit. An entity does not have the capacity to be sued unless it "enjoy[s] a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (cleaned up). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*. An entity's capacity to be sued is determined by the law of the state where the court is located. FED. R. CIV. P. 17(b)(3).

Defendant represents that it is a subdivision of TDCJ and not a separate jural entity. TDCJ's public website lists the Houston II District Parole Office in the directory of its regional and district parole offices. *See* TDCJ Parole Division Directory, Region III, available at https://www.tdcj.texas.gov/divisions/pd/region_3_dpo.html (last visited Feb. 18, 2022).[2] Stevenson does not identify, and the Court has not located, any authority suggesting that Texas has granted the Houston II District Parole Office the capacity to be sued. Therefore, Stevenson's claims against the Houston II District Parole Office are subject to dismissal. *See Barrie v. Nueces Cty. Dist. Atty's Ofc.*, 753 F. App'x 260, 264 (5th Cir. 2018); *Sain v. Collier*, No. 4:18-4412, 2019 WL 4144321, at *10 (S.D. Tex. Aug. 30, 2019).

Additionally, to the extent Stevenson seeks to sue TDCJ, his claims would be subject to dismissal based on sovereign immunity. A claim against TDCJ is a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *See Sossamon v. Texas*, 563 U.S. 277, 291 (2011); *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015). Texas has not waived its Eleventh Amendment immunity, and Congress

---

[2] On a motion to dismiss, the Court may take judicial notice of this fact because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Funk*, 631 F.3d at 783; FED. R. EVID. 201(b)(2).

did not abrogate the immunity when enacting the FDCPA. To the contrary, the statute excludes state officials from its definition of a debt collector. 15 U.S.C. § 1691a(6)(C) (defining "debt collector" to exclude "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties").

Houston II District Parole Office's motion to dismiss will be granted under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**B.     Scott and Benedet**

Defendants Scott and Benedet, a parole officer and supervisor, seek dismissal of Stevenson's claims under Rule 12(b)(6). Defendants argue that they were not engaged in debt collection, but rather were carrying out their duties as parole officers to gain Stevenson's compliance with his parole conditions. As noted above, the FDCPA's definition of a "debt collector" specifically excludes state officials acting in the performance of their official duties. 15 U.S.C. § 1692a(6)(C). Additionally, the statute defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Stevenson pleads no facts that could demonstrate that Scott and Benedet were acting outside of their official duties as parole officers or were acting to collect a "debt" as defined by § 1692a. He therefore fails to state a claim on which relief can be granted against Scott or Benedet.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (Dkt. 14; Dkt. 15) are **GRANTED**. Plaintiffs' claims are **DISMISSED with prejudice**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  February 24 , 2022.

*George C. Hanks Jr.*

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE